Bullock  v.  Dunbar.

ELIZABETH BULLOCK AND ANOTHER v. ALDEN F. DUNBAR.

Where the note sued on was payable to A or bearer, and the defendants pleaded that the note was given for a debt due to C & D, and for their benefit, and prayed that a claim, which defendant had since acquired against C & D, be allowed as a set-off, it was held that the plea was bad, on general demurrer, because it did not allege that the beneficial interest and ownership of the note was not in the plaintiff, but in C & D, either at or after the time of the purchase by the defendants of the note pleaded in set-off.

Error from Nacogdoches.  Tried below before the Hon. Archibald W. O. Hicks.

Suit by appellee against appellants on their note payable to the plaintiff or bearer, dated January 1st, 1852, payable twelve months after date, concluding with " Witness our hand and seals."  (Names.)  [L. S.]

The defendants pleaded that the note was given for a debt

---

---

or store account contracted with and due to Philip U. Ford and John H. Ford, merchants, partners, trading under the name and style of P. U. Ford & Co. The said defendants do most positively deny that they ever owed to the said plaintiff one cent, or that they have ever seen him or had any dealings with him or any agent of his whatsoever ; but they say the truth is, that knowing the debt to be due to the said P. U. Ford & Co., they were of opinion that the said note sued on was executed to them or for their benefit, and so your respondents say and charge the fact to be. Your respondents say that under the full belief that the said P. U. Ford & Co., were the lawful holders of said promissory note here sued on, they did on the 8th day of April, A. D. 1853, for a valuable consideration, purchase a certain promissory note made, executed and delivered by the said P. U. Ford & Co., on the 26th day of Sept., A. D. 1850, to the order of Chesborough, Stearns & Co., payable five months after the date thereof, for the sum of six hundred and twenty-five dollars and sixty cents, which said note was, on the 8th day of April, A. D. 1853, endorsed by the said Chesborough, Stearns & Co. to your respondents, who are the lawful holders and owners thereof. Prayer that the same be allowed as a set-off, &c. General demurrer to this plea sustained. Verdict and judgment for the plaintiffs.

*O. M. Roberts*, for plaintiff in error. There is no express allegation as to the condition of the ownership of the note sued on, at the time the off-set was acquired or the bringing of the suit. In pleading, if the transactions alleged place Dunbar in the position of a voluntary and nominal recipient or agent for the benefit of P. U. Ford & Co., does not, by legal intendment, that position continue up to the time of bringing of the suit, unless there is some fact stated in the petition or plea which changes it ?

Will not this legal intendment arising on the fact stated be good, when met by general and not a special exception.

Sadler v. Anderson.

For a stronger case of intendment see Prewitt v. Farris, 5 Tex. R. 370. See expressions of Court on the main point 376. If these positions be correct, the plea presents Dunbar as a nominal plaintiff, suing as the agent of P. U. Ford & Co. (Holliman v. Rogers, 4 Tex. R. 91 ; Fowler v. Willis, 4 Id. 46 ; Thompson v. Cartwright, 1 Id. 87.)

WHEELER, J. The plea of set-off was manifestly insufficient, in that it did not allege that the beneficial interest and ownership of the note sued on was not in the plaintiff, but in Ford & Co., either at or after the time of the purchase by the defendants, of the note pleaded in set-off. The Court therefore did not err in sustaining exceptions to the plea ; and the judgment is affirmed.

Judgment affirmed.